Dennis White v. The State.

No. 13703.  Delivered December 3, 1930.
Reported in 34 S. W. (2d) 602.

The opinion states the case.

*Alfred Du Perier* of Beaumont, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

MORROW, Presiding Judge.—The unlawful possession of intoxicating liquor for the purpose of sale is the offense; penalty, confinement in the penitentiary for two years.

The trial took place at the March term, 1930. The motion for new trial was overruled and notice of appeal entered on March 6th. Eighty days thereafter were allowed within which to file the statement of facts and bills of exception. The bills of exception appear to have been filed on June 4, 1930, which was after the expiration of the eighty days allowed for filing the bills. The statement of facts was also filed on June 4, 1930, which was within ninety days

after notice of appeal was given. By the terms of Art. 760, C. C. P., the bills of exception cannot be considered. However, the statement of facts can be considered.

A rehearsal of the evidence is not deemed necessary. It is sufficient, however, to support the verdict. The appellant's house was searched and there were found therein a gallon jug full of whisky, several half-pint bottles of whisky and quite a number of pint bottles of beer, together with a number of empty flasks. There were sufficient circumstances detailed to support the prima facie presumption that the possession of the liquor was for the purpose of sale. The appellant was present at the time the raid was made.

Several special charges were requested and refused. One of them suggests that there should have been an instruction to the jury to determine whether Henry Trahan was an accomplice witness. Appellant excepted to the action of the court in refusing to read the charge to the jury. Nothing in the exception to the court's charge or in the special charge gives information as to the reasons upon which the appellant relies in making the contention that Trahan was an accomplice witness; nor has our examination of the statement of facts revealed any testimony which would warrant the conclusion that in refusing to give the instruction mentioned the trial court was in error.

The other special charges, so far as they are applicable, seem to have been covered in the court's main charge. Neither of them is accompanied by any statement of the background that we can consider, as we are not authorized to give consideration to the bills of exception.

The judgment is affirmed.

*Affirmed.*

Hawkins, J., absent.